```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

RICHARD JENDRZEJCZYK,        )
                             )
Plaintiff,                   )
                             )   CAUSE NO. 2:15-CV-300
        vs.                  )
                             )
LAPORTE COUNTY SHERIFF,      )
*et al.*,                    )
                             )
Defendants.                  )

## OPINION AND ORDER

This matter is before the Court on: (1) Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, filed by Porter County, Indiana, and Terri Wood on December 14, 2015 (DE #30); and (2) Defendants, LaPorte County, Indiana, and Westville, Indiana's Motion to Dismiss Plaintiff's Amended Complaint, filed on January 26, 2016 (DE #35). For the reasons set forth below, the motions are **GRANTED.** The Amended Complaint is dismissed **WITHOUT PREJUDICE** and Plaintiff is granted leave to file a Third Amended Complaint on or before October 31, 2016.

BACKGROUND

Richard Jendrzejczyk ("Jendrzejczyk") initiated this action in the Porter County Superior Court on October 31, 2014. The complaint was later amended to add claims pursuant to 42 U.S.C. §

1983. In response to the addition of federal claims, the action was removed to this Court. Following removal, Jendrzejczyk sought leave to amend his complaint again, indicating that the proposed amended complaint "provides a substantially clearer statement of his causes of action against the Defendants." (DE #19 at 1). Leave to amend was granted, and the Amended Complaint now before this Court (in reality a second amended complaint) was filed on October 28, 2015. (DE #21). The Amended Complaint asserts numerous claims under both the United States Constitution and the laws and Constitution of the State of Indiana. More specifically, Jendrzejczyk alleges that Porter County, Indiana; LaPorte County, Indiana; Westville, Indiana; and Terri Wood are liable for "unreasonable searches, unreasonable seizures, unreasonable uses of force, assault, defamation, malicious prosecution, false imprisonment, false arrest, negligence, illegal conspiracy, and illegal conspiracy to violate the civil rights of Plaintiff, Richard Jendrzejczyk." (DE #21 at ¶ 1).

His claims stem from his arrest on November 8, 2012. According to the Amended Complaint, on that day:

> [W]hile Plaintiff was making his normal delivery for Dustcatchers, Inc., his employer, to Ramsay's West Point Lounge, a tavern in Westville[,] Indiana, Defendant Wood, who was heavily intoxicated, confronted him in a violent and threatening manner within the sight and hearing of patrons of the tavern, of the bartender, and of friends and associates of the Plaintiff and accused Plaintiff of being a criminal, of having an outstanding

> warrant for his arrest, and cursed Plaintiff
> with abusive names and with foul language.

(DE #21 at ¶ 12). Wood indicated she would "call her friends" on the police department to arrest him. (DE #21 at 13). Shortly thereafter, Westville Police Officer Steve Aimes arrested Plaintiff, allegedly based on an outstanding warrant for failure to appear. (DE #21 at ¶ 14). Jendrzejczyk was initially held at the LaPorte County Jail but later transferred to the Porter County Jail. (DE #21 at ¶ 15). He was held for six days without a hearing and then released without explanation. (DE #21 at ¶ 16).

Jendrzejczyk alleges that he was denied medical care during his six-day incarceration. (DE #21 at ¶ 17). More specifically, he alleges that Defendants (all of them, apparently) refused to give him an expensive medication ($2,000 per treatment) prescribed by his doctor for arthritis and psoriasis. (DE #21 at ¶ 17). The medication is to be taken once every two weeks.[1] (*Id.*) He also alleges that he was demoted and later fired from his job with Dustcatchers, Inc., due to this incident. (DE #21 at ¶ 18).

Jendrzejczyk alleges that a warrant was reactivated when the Porter County Sheriff's Department "switched to a new computer system or when they arrested a relative of Plaintiff with the same last name." (DE #21 at ¶ 19). He further alleges that the

---

[1] It is not clear from the Amended Complaint when or even if Jendrzejczyk was due to receive another dose of this medication during his six days of incarceration, or if he suffered pain or other damages as a result of not receiving the medication during those six days.

3

Prosecutor's office and the courts knew he was being held unlawfully, and that Porter County[2] intentionally delayed notifying the jail he should be released. (DE #21 at ¶ 20). Jendrzejczyk alleges that the Defendants knew or should have known they had no probable cause to stop, search, or arrest him or use any force. (DE #21 at ¶ 21). Additionally, he alleges that the Defendants had an opportunity to prevent harm but did not, and that they attempted to cover up their illegal acts. (DE #21 at ¶ 22-23). He claims that Porter County failed to supervise Defendant Wood and others, and that Defendant Wood "acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights." (DE #21 at ¶¶ 24-25).

Defendants Porter County, Indiana, and Terri Wood moved to dismiss Jendrzejczyk's Amended Complaint, arguing that it fails for a variety of reasons, including that the arrest was pursuant to a facially valid warrant. Defendants Porter County, Indiana, and Westville, Indiana, also moved to dismiss the Amended Complaint, adopting the arguments of co-counsel and claiming that they are not proper parties to the action. The motions are fully briefed and ripe for adjudication.

---

[2] No specific office or individual is identified.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

In considering the Amended Complaint, this Court notes that the precise claims are difficult to decipher. Jendrzejczyk

5

presents a narrative of facts that hint at a multitude of theories of liability, and then lists twelve separate counts which, for the most part, include only conclusory boilerplate language. The Defendants and this Court are left with the task of attempting to determine which facts are meant to be applied to which claims, and the response briefs do little to clarify these issues.

The Seventh Circuit has instructed that plaintiffs may not "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)" but must provide "some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The court clarified the standard for dismissal under Rule 12(b)(6) as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Id*.

Count I of the Amended Complaint alleges that the Defendants (all of them, including Wood apparently), acting under color of law, "unreasonably searched, seized, and used force against Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony." (DE #21 at 27). It contains

6

no further detail.

Similarly, Count II alleges that the Defendants conspired together to violate Jendrzejczyk's rights, in violation of 42 U.S.C. § 1983. According to Jendrzejczyk, the Defendants, acting under color of law, "agreed with each other to cover up the unreasonable searches, seizures, and uses of force against Plaintiff and to punish Plaintiff when he complained about his unlawful arrest and each of them committed at least one overt act to further the conspiracy." (DE #21 at 28). Other than the conclusory allegation that the Defendants (three of which are municipalities) agreed to conspire, no facts are associated with this claim. No overt acts have been identified or associated with any particular Defendant.

In Count III, which Jendrzejczyk titles "Municipal Liability," Jendrzejczyk sets forth several different theories of municipal liability. He alleges that the policy-makers of these entities were deliberately indifferent to his rights in that they: knew or should have known that the warrant was recalled, knew or should have known that he did not commit an infraction, misdemeanor, or felony, and deliberately ignored or knowingly and intentionally failed to correct problems with their computer systems pertaining to warrants and/or failed to properly screen, hire, train, and supervise their officers, including Wood. (DE #21 at 29). Further, Jendrzejczyk alleges that the officers of the municipal

defendants "unreasonably searched, seized, and used force against Plaintiff pursuant to their policy, custom or practice."

These counts are followed by numerous counts which, according to Jendrzejczyk, are based on Indiana law. (*See* DE #38 at 1). This is mentioned because, while Counts I and II reference 42 U.S.C. § 1983, none of the other counts make reference to any legal provision whatsoever and some are vague enough that it is not entirely clear that they are state law claims. One is titled "Respondeat Superior" and that is a theory of recovery, not a cause of action.[3]

The state law counts are then followed by one last count, titled "Failure to Intervene." Jendrzejczyk treats this count as a federal claim. This count alleges only that "Defendants Westville, LaPorte County, and Porter County are liable for the failure of their agents and policy makers to intervene on behalf of Plaintiff." (DE #21 at 8). It is entirely unclear what agent of which municipality Jendrzejczyk believes should have intervened, what they should have intervened in, and why he believes they had an opportunity to intervene. For example, does Jendrzejczyk believe that someone should have intervened to prevent his allegedly unlawful arrest, to ensure he was provided his medication for arthritis, or to prevent his detention from continuing for six

---

[3] *See Collier v. Ledbetter*, No. 4:14-CV-4103-SLD-JEH, 2015 WL 5440672 at *5 (C.D. Ill. Sept. 15, 2015).

days?  And, once the alleged harm that should have been prevented is identified, who is it that should have intervened?  Once again, all four Defendants are listed as liable for this count, but the factual basis for liability against each of them for failure to intervene is entirely unclear.

To make matters worse, in responding to the instant motions to dismiss, Jendrzejczyk repeatedly references the Amended Complaint as containing allegations that just are not there.  Some of the discrepancies between what the Amended Complaint actually says and what the response brief represents it says are material to the analysis this Court must apply and, potentially, the outcome.

For example, this Court and the Defendants read the Amended Complaint as conceding that the warrant serving as the basis for Jendrzejczyk's arrest was facially valid.  The Amended Complaint provides that, "[u]pon information and belief, Porter County Sheriff's Department re-activated the aforementioned warrant that had been properly recalled when they switched to a new computer system or when they arrested a relative of Plaintiff with the same last name."  (DE #21 at ¶ 19).  Jendrzejczyk, however, asserts in response to the motions to dismiss that:

> [t]he re-activated warrant was alleged in the complaint to be due to Defendant Wood's reactivation (Pl. Am. Compl. At ¶¶ 24-25, 35), or the alleged conspiracy between Defendant Wood and Westville Police (Pl. Am. Compl. at ¶ 36), or when they switched to a new computer system or arrested a relative of Plaintiff with the same last name (Pl. Am. Compl. at ¶ 19).

9

(DE #38 at 5-6). The complaint, however, does not allege that Wood was responsible for the reactivation of the warrant, or that the reactivation of the warrant was the result of a conspiracy between the Defendants. Instead, the paragraph about the Defendants conspiring together seems to point to a cover-up *after* the allegedly unlawful arrest - not a conspiracy to cause the allegedly unlawful arrest.[4] Jendrzejczyk also claims now, in response to the motions to dismiss, that "Wood had a clear resentment against Plaintiff and, as a computer system personnel, she had access to the system to re-activate the warrant on Plaintiff. (Pl. Am. Compl. At ¶¶ 24-25, 35)." (DE #38 at 6). Neither the paragraphs relied upon by Jendrzejczyk nor any other part of the Amended Complaint contains these allegations.

These are important distinctions because, generally, where an arrest is based on a facially valid arrest warrant, a Fourth Amendment claim must fail. *Baker v. McCollum*, 443 U.S. 137 (1979); *Neiman v. Keane*, 232 F.3d 577 (7th Cir. 2000). Where a false arrest claim is based on a facially valid warrant, there must be a showing that the arresting officers knew that the warrant lacked probable cause. *Williamson v. Curran*, 714 F.3d 432, 444 (7th Cir. 2013). Although the complaint does allege that "Defendants knew or

---

[4] The Amended Complaint alleges that the Defendants "agreed with each other to cover up the unreasonable searches, seizures, and uses of force against Plaintiff and to punish Plaintiff when he complained about his unlawful arrest..." (DE #21 at ¶ 28).

should have known that their fellow officers had no probable cause to stop, search, and arrest Plaintiff," this assertion is supported by no factual allegations whatsoever. (DE #21 at 5). He does not, for example, allege that the arresting officer knew the warrant had been recalled or knew that warrant was obtained by deceiving the authorizing body.

This Court could, as Defendants have attempted to do, go through the Amended Complaint and attempt to determine if the facts alleged could possibly support any claim against that Defendant under each of the multitude of legal theories Jendrzejczyk has alleged. But, when that work is compounded by the need to separate Jendrzejczyk's allegations about what the Amended Complaint says from what the Amended Complaint actually says, and then sift through Jendrzejczyk's arguments to determine what remains once the extraneous allegations are ignored, the task becomes complex. The Amended Complaint alleges a variety of facts lending themselves to, at least potentially, a multitude of theories of liability, and without more input from Jendrzejczyk, this Court may fail to construe Jendrzejczyk's claims as intended and unfairly prejudice him.

While the Amended Complaint in its current form fails to comply with Rule 8 because Jendrzejczyk has not meaningfully associated the facts with the various claims, in the interest of justice, Jendrzejczyk will be given another attempt to clearly and

11

concisely state his legal claims in a manner that puts Defendants and this Court on notice of *precisely* what legal theories he is asserting against which Defendants and the factual basis for each claim. This Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, a plaintiff is not entitled to endless attempts to state a claim. If Jendrzejczyk chooses to file a Third Amended Complaint, it will constitute his *fourth* attempt - the second in this Court - to set forth his claims.

Because Jendrzejczyk has been provided an opportunity to amend the complaint yet again, this Court will not at this time attempt to address each of the Defendants' arguments. However, while Jendrzejczyk's style of pleading muddies the waters, the Court notes that many of Defendants' arguments appear to have traction and should be given careful consideration by Jendrzejczyk in crafting a Third Amended Complaint, should he choose to do so. Additionally, Jendrzejczyk is advised that a scatter-shot approach to pleading is often ill-advised. *See e.g. Gbur v. City of Harvey*, 835 F.Supp.2d 600, 639 (N.D. Ill. 2011)(demonstrating the difficulties that can arise from scatter-shot complaints that fail to competently annunciate claims).

CONCLUSION

For the aforementioned reasons, the instant motions to dismiss (DE ## 30, 35) are **GRANTED**. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE,** and Plaintiff is granted leave to file a Third Amended Complaint on or before October 31, 2016.

**DATED: September 21, 2016**          /s/ RUDY LOZANO, Judge
                                                       **United States District Court**