**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | | |
|---|---|---|---|
| RICHARD JENDRZEJCZYK, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 2:15-cv-00300-RL-PRC |
| | ) | | |
| PORTER COUNTY, INDIANA, LAPORTE COUNTY, INDIANA, WESTVILLE, INDIANA, and, Terri Wood, in her official and individual capacities, | ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

**AMENDED COMPLAINT**

I.   Introduction

**1.**   This action challenges Defendants' unreasonable searches, unreasonable seizures, unreasonable uses of force, assault, defamation, malicious prosecution, false imprisonment, false arrest, negligence, illegal conspiracy, and illegal conspiracy to violate the civil rights of Plaintiff, Richard Jendrzejczyk.

**2.**   Defendants' actions, as complained of herein, violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, enforced under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983; and under the laws and Constitution of the State of Indiana.  Plaintiff seeks prejudgment interest, attorney fees, costs, compensatory damages, and punitive damages.

II.   Jurisdiction

**3.**   Pursuant to 28 U.S.C. § 1331 and § 1343, this Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims.

1

**4.** Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over Plaintiff's related state law claims of assault, defamation, malicious prosecution, false imprisonment, false arrest, negligence, illegal conspiracy, and illegal conspiracy.

**5.** Pursuant to 28 U.S.C. § 1391(b), this District is the proper venue.

**6.** Pursuant to I.C. 34-13-3, *et. seq.* on or before May 2, 2013, Plaintiff properly served Porter County, Indiana, LaPorte County, Indiana, and Westville, Indiana with his Notice of Tort Claim.

### III. Parties

**7.** Plaintiff Richard Jendrzejczk was, at all relevant times, an adult citizen of the United States and citizen of the State of Indiana.

**8.** Defendant Terri Wood, was, at all relevant times, Porter County, Indiana's IDACS Coordinator and 911 Dispatcher.

**9.** At all relevant times, Defendant Wood: (a) acted within the scope of her employment; (b) acted under the color of state law; and, (c) acted pursuant to the custom, policy, or practice of Porter County, Indiana.

**10.** Defendants Porter County, Indiana, LaPorte County, Indiana, and Westville, Indiana are governmental units within the State of Indiana, subject to the Constitution of the United States and are empowered to sue and be sued for the acts of their agents.

### IV. Unconstitutional Policies of the Municipalities

**11.** On and before November 8, 2012 through November 15, 2012, Defendants Porter County, Indiana, LaPorte County, Indiana and Westville, Indiana had customs, policies, and practices that violated the federal rights of United States citizens and that harmed Plaintiff, in that:

2

      a.    These Defendants hired, supervised, and retained officers they knew were likely to violate the rights of citizens of the United States;

      b.    These Defendants failed to properly train, investigate, discipline, or fire officers they knew were likely to violate the rights of citizens of the United States;

      c.    These Defendants conspired with others:  (a) to illegally retaliate against citizens of the United States whose civil rights their officers had violated; (b) to cover up their police departments' unconstitutional conduct; and (c) to provide financial incentive to others for the violation of the constitutional rights of citizens of the United States by their municipal law enforcement agencies;

      d.    These Defendants refused to investigate allegations that their police department and jail abused the constitutional rights of United States citizens;

      e.    These Defendants conspired with others to violate the constitutional rights of United States citizens by unreasonable searches, seizures, and uses of force; or,

V.    <u>Operative Facts</u>

**12.**    On or about November 8, 2012, while Plaintiff was making his normal delivery for Dustcatchers, Inc., his employer, to Ramsay's West Point Lounge, a tavern in Westville Indiana, Defendant Wood, who was heavily intoxicated, confronted him in a violent and threatening manner within the sight and hearing of patrons of the tavern, of the bartender, and of friends and associates of the Plaintiff and accused Plaintiff of being a criminal, of having an outstanding warrant for his arrest, and cursed Plaintiff with abusive names and with foul language.

**13.**    In her drunken state, Defendant Wood repeatedly and loudly claimed that Plaintiff had a warrant for his arrest and that she would call her friends on the police department to come arrest him, and she did.

**14.** Westville Police Officer Steve Aimes soon arrived and arrested Plaintiff, after lengthy search, Officer Aimes could not provide Plaintiff with the reason for the arrest warrant, only that there appeared to be one; even over the Plaintiff's constant pleading and assertions that it was a mistake (asking the Officer to check with additional sources) although Officer Aimes admitted that the arrest warrant appeared "*odd*" because of its lack of details, he opted to go with the assertions of Defendant Woods and what he found in his database without making further inquiry into the validity of the alleged invalid arrest warrant.

**15.** Officer Aimes transported Plaintiff to the LaPorte County Jail where the Plaintiff asked numerous times why he was being arrested but none of the officials at the jail cold tell him why he had been arrested; the LaPorte County Jail/Sheriff's Department held Plaintiff for a day until agents of Porter County's Jail and Sheriff's Department transported Plaintiff to the Porter County Jail and upon arrival to Porter County Jail, none of the jail officials could tell Plaintiff why he had been arrested.

**16.** That after a total of (6) six days incarcerated without being brought before a Judge or Magistrate for a hearing, bond, or explanation for his arrest, Porter County Jail released Plaintiff and told him he could leave because "a lady from the Prosecutor's office" had called and said he could be released and was given no further explanation upon request.

**17.** During his detention from November 8, 2012 through November 13, 2012, Defendants refused Plaintiffs request of his medical treatment of an arthritis and psoriasis medication prescribed by his doctor for which he was due to take during the time he was incarcerated. The medication is extremely expensive and costs $2,000 per treatment which Plaintiff desperately needed.

**18.** While incarcerated, Plaintiff's Uncle Dino passed away and Plaintiff was unable to attend his funeral due to the incarceration.

**19.** After his release, Plaintiff returned to work where he had been a supervisor for Dustcatchers, Inc.; but was then demoted to driver and eventually discharged because of his wrongful arrest and detention.  This caused Plaintiff economic losses of over $150,000 in wages and benefits, including, but not limited to his medical treatments, embarrassment and emotional distress.

**20.** Upon information and belief, Porter County Sheriff's Department intentionally or through gross negligence, caused an **invalid** warrant to be issued for his arrest and detention without Judicial Order, and fulfilled their own issuance of said invalid arrest warrant when they took Plaintiff into custody.

**21.** Upon information and belief, when the Porter County Prosecutors Office and Courts were notified of Plaintiff's incarceration upon arrest on November 8th 2012 and after holding him without bond, without a hearing, and without an explanation of the charges against him, Porter County, Indiana through the Sheriff's Department/Jail and Prosecutors Office, knowing of his illegal detainment, delayed in notifying the jail that he should be released until November 13th 2012, therefore making part of his illegal confinement an intentional act and/or deliberate indifference by Porter County policy makers.

**22.** That upon arrest of an outstanding warrant either valid or **invalid** as is the case with the Plaintiff, the Porter County Prosecutor's Office is notified of the arrest and detainment by the Porter County Sheriff's Dept./Jail upon arrest and detainment.

**23.** Indiana Code 35-33-7-1 (arrest without warrant) requires that an arrested person be taken "promptly" before a judicial officer in the county where the arrest is made or where

5

venue for the case is presumed to be.  Indiana Code 35-33-7-4 requires a person arrested in accordance with the provisions of a warrant shall be taken promptly for an initial hearing before the court issuing the warrant or before a judicial officer having jurisdiction over the defendant. This first appearance is known as an arraignment or "initial hearing" and where the Code does not define "promptly" most Courts agree that 48 hours is that standard in which to bring an arrested person before a Court but the Defendants failed to do so intentionally or through gross negligence.

    24.    That Porter County was informed of the unlawful arrest on November 8th 2012 but did not release him until November 13th 2012.  The Porter County Jail intentionally or through gross negligence, delayed in reporting the arrest to the Porter County Prosecutor's Office or the Porter County Prosecutor's Office intentionally or through gross negligence delayed in instructing the jail to release the Plaintiff from incarceration on the invalid arrest or the Defendants acted in concert to intentionally deprive the Plaintiff of his liberty and due process by arresting him on an invalid warrant and holding him without cause for several days.

    25.    Defendants knew or should have known that their fellow officers had no probable cause to stop, search, and arrest Plaintiff and that their fellow officers had no reason to use any force against Plaintiff to confine and mistreat Plaintiff, but failed to intervene to protect Plaintiff. Upon unlawful arrest, Officer Aimes could have but didn't follow up on his initial concerns about the arrest warrant having no information or terms but chose to arrest the Plaintiff without further investigation.  Furthermore, the LaPorte County Sherriff's Dept./Jail was likewise informed of the lack of reason provided for the arrest of the Plaintiff but did nothing to determine its validity.  Likewise, the Porter County Sheriff's Dept./Jail had full knowledge that the arrest

warrant had no attached information but continued to deprive the Plaintiff of his liberty, medical care, and due process.

26. Defendants had a realistic opportunity to do something to prevent the abuse of Plaintiff from occurring, but took no reasonable steps to prevent the harm; namely all Defendants involved in the unlawful arrest and detainment could have taken simple steps to ensure the validity of the arrest warrant by contacting the issuing authority, Porter County Jail could have allowed the Plaintiff his medication, and the Porter County Sheriff's Dept., and Prosecutors Office could have released him immediately or at least provide him due process by bringing him before a Judge or Magistrate but intentional or through gross negligence chose not to.

27. All Porter County Defendants acting together attempted to cover up their illegal acts when they denied the Plaintiff Due Process.

28. Defendant, Porter County, Indiana had a duty to supervise Defendant Wood and all other Porter County employees but failed to do so when it issued an invalid warrant for the Plaintiff and when they later detained him without just cause.

29. Defendant Wood acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights or for the truth of the matter.

30. As a direct and proximate result of Defendants' conduct described above, Plaintiff suffered emotional distress, economic loss, and personal injury.

31. The Plaintiff incorporates all facts above into each Count listed below.

VI. <u>Legal Counts</u>

### Count 1:  42 U.S.C. § 1983

32. Under color of law, Defendant Wood, Defendant City of Westville, Defendant County of LaPorte, and Defendant County of Porter, unreasonably searched, seized, and used

force against Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony; further only relying on an invalid arrest warrant containing no details or terms. That doing so deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or law of the United States. Defendant Wood in initiating law enforcement contact, Westville/Officer Aimes in arresting Plaintiff, LaPorte and Porter County by detaining the Plaintiff unlawfully while knowing that the said warrant was not valid and Plaintiff had not violated any laws to warrant their arrest and unlawful detainment; further in Porter County's refusal to provide medical treatment to the Plaintiff.

33. Defendants had a duty not to violate the civil rights of a person and breached that duty when they unlawfully searched/seized, arrested, and detained the Plaintiff.

34. That the Defendants were the actual and proximate cause of said breach and Plaintiff suffered damages as a result of said breach.

### Count II: 42 U.S.C. § 1983 Conspiracy

35. Under color of law, Defendant Wood, Defendant City of Westville, Defendant County of LaPorte, and Defendant County of Porter, agreed with each other to cover up the unreasonable searches, seizures, and uses of force against Plaintiff and to punish Plaintiff when he complained about his unlawful arrest and each of them committed at least one overt act to further the conspiracy. Namely, the Porter County Sheriff/Jail and Prosecutors office knowing of the unlawful detention acted in concert or agreement to continue the Plaintiffs unlawful detention for some period of time before finally releasing him, all while knowing he had been unlawfully arrested and detained.

36. That Defendants had a Duty not to violate the Plaintiffs civil rights, but violated them when they issued an invalid warrant for Plaintiffs arrest, illegally searched/seized/ and

detained him; the Defendants are the actual and proximate cause of the breach of duty and Plaintiff suffered damages as a result of said breach.

### Count III:  Municipal Liability

37. Under color of law, Defendant City of Westville, Defendant County of LaPorte, and Defendant County of Porter, unreasonably searched, seized, and used force against Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony when:

   a. Their policy-makers deliberately ignored, and/or knowingly, and intentionally confined Plaintiff when they knew or should have known that the there was no valid warrant for arrest of the Plaintiff;

   b. Their policy-makers deliberately ignored, and/or knowingly, and intentionally confined Plaintiff when they knew or should have known that Plaintiff had committed no infraction, misdemeanor, or felony;

   c. Their policy-makers deliberately ignored, and/or knowingly, and intentionally failed to correct problems within their own warrant tracking, and record keeping process, and/or properly screen, hire, train, and supervise their police officers, including Defendant Wood; or,

   d. Their officers unreasonably searched, seized, and used force against Plaintiff pursuant to their policy, custom, or practice.

### Count IV:  Assault

38. Defendant Wood threatened the integrity of Plaintiff with unnecessary and unwarranted violation and interference, including her intentional attempt and threat to inflict injury on Plaintiff while she actually had the present ability to hurt Plaintiff.

39. That Defendant wood had a duty to avoid assault against another person and breached that duty when she intentionally threatened the Plaintiffs integrity and to inflict injury

9

upon the plaintiff; she is the actual and proximate cause of this breach of duty and the Plaintiff suffered damages as a result of said breach.

### Count V:  Defamation

40.     Defendant Wood defamed Plaintiff when she injured his reputation and diminished his esteem, respect, good will, and confidence in Plaintiff in the community, including his employer, Dustcatchers, Inc., and in particular in the presence of his business client.

41.     That Defendant Wood had a duty not to defame another person and breached that duty when she inured his reputation by her aforesaid verbal and physical actions while at the business location of a client of the Plaintiffs employer; she was the proximate and actual cause of said breach and the Plaintiff suffered damages as a result of said breach.

### Count VI: Malicious Prosecution

42.     Defendant Wood maliciously commenced criminal/civil proceedings and Defendant Westville, Defendant LaPorte County, and Defendant Porter County continued those proceedings against Plaintiff of which Plaintiff was found to be not guilty and for which existed no probable cause.

43.     That Defendant Wood had a duty to avoid malicious prosecution and breached said duty when she initiated criminal/civil proceedings against Plaintiff, knowing that no probable cause or reason existed to do so; she was the actual and proximate cause of said breach and Plaintiff suffered damages as a result of said breach.

### Count VII: False Imprisonment

**44.** Defendant Westville, Defendant LaPorte County, and Defendant Porter County intentionally and unlawfully exercised the express or implied threat of force to restrain, detain, or otherwise confine Plaintiff without his consent.

**45.** That the Defendants had a duty not to unlawfully detain or imprison another person and breached said duty when they in-fact arrested and imprisoned the Plaintiff unlawfully; the Defendants are the actual and proximate cause of said breach and the Plaintiff suffered damages as a result.

### Count VIII: False Arrest

**46.** Defendant Wood, Defendant Westville, Defendant LaPorte County, and Defendant Porter County authorized, encouraged, directed, or assisted in the arrest of Plaintiff and caused an unreasonable delay to occur:  a) in taking the Plaintiff before a judge; and, b) before Plaintiff was released from custody.

**47.** That Indiana code 35-33-7-4 & 35-33-7-1 requires a person arrested in accordance with the provisions of a warrant (or without a warrant) shall be taken promptly for an initial hearing before the court issuing the warrant or before a judicial officer having jurisdiction over the defendant. This first appearance is known as an arraignment or "initial hearing" and where Indiana Code does not define "promptly" most Courts agree that 48 hours is the standard in which to bring an arrested person before a Court but the Defendants failed to do so intentionally or through gross negligence.

**48.** That the Defendants had a duty to promptly bring the Defendant before a Judge or Magistrate and breached that duty when they failed to *ever* bring the Plaintiff before a Judge or Magistrate.  That the Porter County Defendants are the actual and proximate cause of said breach and the Plaintiff suffered damages a result of the breach.

### Count IX:  Negligence

**49.** Defendant Westville, Defendant LaPorte County, and Defendant Porter County's, negligent hiring, training, and supervision of their law enforcement officers and computer systems personnel.

**50.** That the Defendants had a Duty to properly hire, train, and supervise its employees and breached said duty to properly train, hire, and supervise them.  That Defendants are the actual and proximate result of said breach and Plaintiff suffered damages as a result of the breach.

### Count X:  Illegal Conspiracy

**51.** When Defendant Wood, Defendant Westville, Defendant LaPorte County, and Defendant Porter County agreed with each other to keep Plaintiff confined and to cover up their wrongful arrest and confinement of Plaintiff and each defendant committed at least one overt act to further the conspiracy as described above.

**52.** That the Defendants knew the alleged arrest warrant was invalid but chose to continue the unlawful arrest and detainment of the Plaintiff.   That the Porter County Defendants agreed to continue the unlawful detention of the Plaintiff with knowledge that he was being held unlawfully.

**53.** That Porter County Defendants and policy makers knew they had a problem of issuing invalid warrants where there should not have been but agreed amongst themselves to take no action to stop this unlawful activity resulting in the unlawful arrest and imprisonment of citizens of the United States and the State of Indiana

**54.** That the Defendants had a duty not to engage in any illegal conspiracies but breached that duty and were the actual and proximate result of said breach and the Plaintiff suffered damages as a result.

### Count XI:  Failure to Intervene

**55.** Defendants Westville, LaPorte County, and Porter County are liable for the failure of their agents and policy makers to intervene on behalf of Plaintiff.

**56.** That Westville Officer Aimes should have intervened on Plaintiff's behalf when accosted by Defendant Woods and instead of arresting Plaintiff with very little information to do so, contact Porter County to verify the validity of the warrant or perhaps investigate the veracity in which Defendant Woods was advocating the unlawful arrest of the Plaintiff in order to determine whether or not Plaintiff should have been actually been arrested.

**57.** That the LaPorte County Sheriff's Dept./Jail had ample opportunity and should have intervened on Plaintiff's behalf to verify the validity of the warrant for which Plaintiff was arrested as Plaintiff continually and repetitively stated to Jail authorities that a mistake was made and no actual warrant existed.

**58.** That the Porter County Sheriff's Dept./Jail should have intervened on Plaintiffs behalf upon notice that Plaintiff had been arrested or at the very least when taken into custody and released him as they would have known upon processing/intake that the warrant upon which he was arrested was invalid.

**59.** That agents of Porter County Sheriff's Dept./Jail should have intervened on Plaintiffs behalf by providing him with medical treatment upon request or at least making medical treatment available to him after the medical staff denied him medical treatment.

60. That the Porter County Prosecutor's Office should have intervened on Plaintiffs behalf to have him released immediately from the unlawful imprisonment of the Porter County Jail instead of waiting to do so.

VII.   Prayer for Relief

WHEREFORE, Plaintiff requests that the Court:

 A. Award Plaintiff compensatory damages in an amount to be proven at trial;

 B. Award Plaintiff punitive damages against the non-municipal defendants in an amount to be proven at trial;

 C. Award Plaintiff attorney fees, costs, and prejudgment interest pursuant to 42 U.S.C. § 1988; and

 D. Award Plaintiff all other just and equitable relief.

VIII.   Jury Demand

Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury on all of his Counts.


/s/ Blake N. Dahl
Blake N. Dahl ∴ 30576-64
BMO-Harris Bank Building Suite One
750 South Washington Street
Valparaiso, IN 46383
T: 219-462-2460
F: 866-462-6197
bdahl@fwgpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**Elizabeth A Knight**
**Jenna K Throw**
Knight Hoppe Kurnik & Knight Ltd - Sch/IN
833 W Lincoln Hwy Ste 340E
Schererville, IN 46375-1648
219-322-0830
Fax: 219-322-0834
Email: Eknight@khkklaw.com
Email: jthrow@khkklaw.com

**Martin W Kus**
Newby Lewis Kaminski Jones LLP
916 Lincolnway
LaPorte, IN 46350
219-362-1577
Fax: 219-362-2106
Email: mwkus@nlkj.com

        /s/ Blake N. Dahl
Blake N. Dahl ∴ (30576-64)

750 S. Washington St. Suite 1
BMO-Harris Bank Building
Valparaiso, IN 46383

Phone:  (219) 462-2460
Fax: (866) 462-6197
Email: bdahl@fwgpc.com