# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD JENDRZEJCZYK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:15-CV-300 |
| vs. | ) |
| | ) |
| LAPORTE COUNTY, INDIANA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, filed by Porter County, Indiana, and Terri Wood on December 14, 2016 (DE #57). For the reasons set forth below, the motion is **GRANTED.** The claims against Porter County, Indiana, and Terri Wood are dismissed **WITH PREJUDICE.** This case will proceed as to Defendants LaPorte County, Indiana and Westville, Indiana.

BACKGROUND

Richard Jendrzejczyk ("Jendrzejczyk") initiated this action in the Porter County Superior Court on October 31, 2014. The complaint was later amended to add claims pursuant to 42 U.S.C. § 1983. In response to the addition of federal claims, the action was removed to this Court. Following removal, Jendrzejczyk sought leave to amend his complaint again, indicating that the proposed

amended complaint provided "a substantially clearer statement of his causes of action against the Defendants." (DE #19 at 1). Leave to amend was granted, and the Amended Complaint (in reality a second amended complaint) was filed on October 28, 2015. (DE #21). The Defendants Porter County, Indiana ("Porter County") and Terri Wood ("Wood") filed a motion to dismiss. The Amended Complaint was dismissed without prejudice, and Jendrzejczyk was granted until October 31, 2016, to file a Third Amended Complaint. The Third Amended Complaint was filed and Defendants Porter County and Wood have now moved to dismiss the Third Amended Complaint.

The Third Amended Complaint, although considerably longer than previous complaints, asserts essentially the same legal claims. Jendrzejczyk alleges that Porter County, Indiana; LaPorte County, Indiana; Westville, Indiana; and Wood are liable for "unreasonable searches, unreasonable seizures, unreasonable uses of force, assault, defamation, malicious prosecution, false imprisonment, false arrest, negligence, illegal conspiracy, and illegal conspiracy to violate the civil rights of Plaintiff, Richard Jendrzejczyk." (DE #47 at ¶ 1).

His claims stem from his arrest on November 8, 2012. According to the Third Amended Complaint, on that day:

> [W]hile Plaintiff was making his normal delivery for Dustcatchers, Inc., his employer, to Ramsay's West Point Lounge, a tavern in Westville[,] Indiana, Defendant Wood, who was heavily intoxicated, confronted him in a violent and threatening manner within the

2

> sight and hearing of patrons of the tavern, of
> the bartender, and of friends and associates
> of the Plaintiff and accused Plaintiff of
> being a criminal, of having an outstanding
> warrant for his arrest, and cursed Plaintiff
> with abusive names and with foul language.

(DE #47 at ¶ 12). Wood indicated she would "call her friends" on the police department to arrest him. (DE #47 at ¶ 13). Shortly thereafter, Westville Police Officer Steve Aimes arrested Plaintiff, allegedly based on an outstanding warrant for failure to appear. (DE #47 at ¶ 14). Jendrzejczyk was initially held at the LaPorte County Jail but he was then transferred to the Porter County Jail. (DE #47 at ¶ 15). He was held for six days without a hearing and then released without explanation. (DE #47 at ¶ 16).

Jendrzejczyk claims that he was denied medical care during his six-day incarceration. (DE #47 at ¶ 17). More specifically, he alleges that Defendants (as with the previous complaint, he does not specify which defendants) refused to give him a necessary and expensive medication ($2,000 per treatment) prescribed by his doctor for arthritis and psoriasis. (DE #47 at ¶ 17). He claims he missed his uncle's funeral due to his unlawful incarceration. (DE #47 at ¶ 18). He also alleges that he was demoted and later fired from his job with Dustcatchers, Inc., due to this incident. (DE #47 at ¶ 19).

Jendrzejczyk alleges that the Porter County Sheriff's Department, either intentionally or through gross negligence, issued an invalid warrant for his arrest. (DE #27 at 20). He

3

further alleges that the Prosecutor's office and the courts knew he was being held unlawfully and delayed notifying the jail that he should be released. (DE #47 at ¶¶ 21-23). Jendrzejczyk alleges that the Defendants (he does not specify which ones) knew or should have known that their fellow officers had no probable cause to stop, search, or arrest him or use any force, and failed to intervene on his behalf. (DE #25 at ¶ 25). Additionally, he alleges that the Defendants (again, he does not specify which ones) had an opportunity to prevent harm but did not, and that they attempted to cover up their illegal acts. (DE #47 at ¶¶ 26-27). He claims that Porter County failed to supervise Defendant Wood and all other Porter County employees, and that Defendant Wood "acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights or for the truth of the matter." (DE #47 at ¶¶ 28-29).

Defendants Porter County and Wood argue that Jendrzejczyk's Third Amended Complaint fails for a variety of reasons and must be dismissed. The motion is fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in

4

Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

The Seventh Circuit has instructed that plaintiffs may not "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)" but must provide "some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The court clarified the standard for dismissal under Rule 12(b)(6) as follows:

> First, a plaintiff must provide notice to
> defendants of her claims. Second, courts must
> accept a plaintiff's factual allegations as
> true, but some factual allegations will be so
> sketchy or implausible that they fail to
> provide sufficient notice to defendants of the
> plaintiff's claim. Third, in considering the
> plaintiff's factual allegations, courts should
> not accept as adequate abstract recitations of
> the elements of a cause of action or
> conclusory legal statements.

*Id.*

In this Court's order dismissing Jendrzejczyk's previous complaint, the Court noted "that a scatter-shot approach to pleading is often ill-advised." (DE #46 at 12). Nonetheless, he has again taken the scatter-shot approach, including claims in the Third Amended Complaint that clearly fail as a matter of law and giving little consideration to the arguments raised in previous motions to dismiss. Each of Jendrzejczyk's eleven claims will be dismissed with prejudice as to Defendants Porter County and Wood for the reasons explained below.

Count I: 42 U.S.C. § 1983

Count I of the Amended Complaint alleges that the Defendants (all of them, although they are named in this version of the complaint, as opposed to being referred to collectively), acting under color of law:

> unreasonably searched, seized, and used force
> against Plaintiff without probable cause that
> Plaintiff had committed any infraction,
> misdemeanor, or felony; further only relying

6

> on an invalid arrest warrant containing no details or terms. That doing so deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or law of the United States. Defendant Wood in initiating law enforcement contact, Westville/Officer Aimes in arresting Plaintiff, LaPorte and Porter County by detaining the Plaintiff unlawfully while knowing that the said warrant was not valid and Plaintiff had not violated any laws to warrant their arrest and unlawful detainment; further in Porter County's refusal to provide medical treatment to the Plaintiff.

(DE #47 at ¶ 32). Count I further alleges that the "Defendants had a duty not to violate the civil rights of a person and breached that duty when they unlawfully searched/seized, arrested, and detained the Plaintiff" and that Plaintiff was harmed by this breach. (DE #47 at ¶¶ 33-34).

Defendants argue that this claim fails because Porter County was not the agency that placed Jendrzejczyk under arrest. In response, Jendrzejczyk notes that the warrant was issued from Porter County officials and that Porter County authorities were involved in his detainment and transfer from LaPorte County to Porter County.

There is a fundamental problem with Jendrzejczyk's argument. The complaint names Porter County, Indiana as a defendant, but makes references to entities such as the Porter County Sheriff's Department, Porter County Prosecutor's Office and the courts within Porter County. None of these entities are defendants in this

7

action[1], and claims against them cannot be imputed to Porter County, Indiana.

Porter County is a separate entity from the Porter County Sheriff's Department ("Sheriff's Department"), and is not responsible for the Sheriff's actions. *See Radcliff v. Cnty. of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994) (finding "neither county had control over the actions of the sheriff" and could not be held liable for claims against the sheriff). The Sheriff's Department is a separate entity that is responsible for the constitutional violations of its officers. *Burton v. Lacy*, No. 1:07-cv-0918, 2008 WL 187552, *4-*5 (S.D. Ind. Jan. 18, 2008). Porter County cannot be held liable under a *respondeat superior* theory for the acts of the Sheriff's employees because it has no agency relationship with the Sheriff or his department. *See Delk v. Bd. of Comm'rs of Delaware Cnty.,* 503 N.E.2d 436, 440 (Ind. Ct. App. 1987); *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994) (concluding that since an Indiana county had no authority over the sheriff, it "cannot be blamed for any deficiency

---

[1] Inexplicably, after naming only Porter County, Indiana, LaPorte County, Indiana, Westville, Indiana, and Terri Wood as defendants, Plaintiffs response to the instant motion lists additional defendants in the caption, including the Porter County Sheriff. (DE #62). The inclusion of different entities in the caption of a response brief has no legal effect - the Porter County Sheriff is *not* a defendant in this action. If Plaintiff wanted to add the Porter County Sheriff as a defendant, he has had ample opportunity to do so: the distinction between Porter County and various other entities was raised by Porter County in its memorandum filed on December 14, 2015. (DE #31 at 4-5).

8

in the training or supervision of the defendant deputy sheriffs").[2]

The action of the Prosecutor's Office and courts likewise cannot be imputed to Porter County. The Prosecutor's Office and courts of Porter County are arms of the state government, not county government. *Talevski v. Carter*, 2006 WL 276927, *7 (N.D. Ind. Feb. 1, 2006).

Omitting any allegations against entities not named as defendants, all that remains are the actions of Wood. According to the complaint, Wood initiated law enforcement contact. It is not alleged that Wood searched, seized, or used force against the Plaintiff. It is also not alleged that Wood denied Plaintiff necessary medical care. There are no facts alleged that support a claim against Porter County or Wood for unreasonable search, seizure or use of force or for denial of necessary medical care. Accordingly, this claim must be dismissed.

Count II: 42 U.S.C. § 1983 Conspiracy

Similarly, Count II alleges that the Defendants conspired together to cover up their unreasonable searches, seizures, and uses of force against Jendrzejczyk and to punish him when he complained about their unlawful acts, in violation of 42 U.S.C. § 1983. He further alleges that each defendant committed at least

---

[2] Furthermore, Jendrzejczyk was not arrested by an officer of the Porter County Sheriff's Office, even if the action of the Porter County Sheriff's office could be imputed to Porter County, Indiana.

one overt act to further the conspiracy. Jendrzejczyk does set forth some additional detail here, but none of the alleged overt acts implicate Porter County or Wood. The additional detail provided pertains to entities that are not defendants: the Porter County Sheriff/Jail and Prosecutor's Office. When those allegations are removed, the remaining allegations are vague and conclusory, and therefore insufficient to state a claim for conspiracy. *Amundsen v. Chicago Park District*, 218 F.3d 712, 718 (7th Cir. 2000).

Count III: Municipal Liability

In Count III, which Jendrzejczyk titled "Municipal Liability," Jendrzejczyk names the City of Westville, County of Laporte, and County of Porter, and sets forth several different theories of municipal liability. He alleges that the policy-makers of these entities were deliberately indifferent to his rights in that they: knew or should have known that there was no valid warrant for his arrest, knew or should have known that he did not commit an infraction, misdemeanor, or felony, and deliberately ignored or knowingly and intentionally failed to correct problems with their own warrant tracking and record keeping process and/or failed to properly screen, hire, train, and supervise their police officers, including Defendant Wood. (DE #21 at 29). Further, Jendrzejczyk alleges that the officers of the municipal defendants "unreasonably

searched, seized, and used force against Plaintiff pursuant to their policy, custom or practice."

The changes Jendrzejczyk made to this count of his complaint after being admonished that he had not "meaningfully associated the facts with the various claims" are minuscule. (DE # 46 at 11). No policy makers are identified and no policies are identified. It is not clear which, if any, of the allegations in this count pertain to Porter County, but (as with Counts I and II) the actions of the Porter County Sheriff, Porter County Prosecutor, and Porter County Courts cannot be imputed to Porter County. Porter County did not search, seize or use force against plaintiff, and allegations related to these claims must be dismissed.

To the extent it is alleged that Porter County failed to screen, train, or supervise Wood, those claims must also be dismissed for failure to state a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability under section 1983, a plaintiff must establish that the alleged constitutional deprivation was pursuant to an official policy, practice, or custom of the municipality. *Monell*, 436 U.S. at 689. To prevail on a claim, Plaintiff must ultimately demonstrate that his constitutional rights were violated and that the defendant's policy or custom of failing to train its employees caused the constitutional violation. *Collins v. City of Harker Heights,*

*Texas*, 503 U.S. 115, 123 (1992). The Seventh Circuit is clear that a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the [municipality] maintained a policy, custom, or practice" that caused the violation of the plaintiff's Constitutional rights. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Moreover, it is insufficient to rely on mere legal conclusions or boilerplate allegations. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Jendrzejczyk has not provided any factual basis for his claims that Porter County failed to screen, train, or supervise Wood.

Even when construing all well-pled factual allegations contained in the second amended complaint as true, and drawing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has not supplied enough factual content in his allegations to provide a plausible claim for relief.

Count IV - Assault

In the previous complaint, Plaintiff alleged that Wood assaulted him. That count of the complaint read only that:

> Defendant Wood threatened the integrity of Plaintiff with unnecessary and unwarranted violation and interference, including her intentional attempt and threat to inflict injury on Plaintiff while she actually had the present ability to hurt Plaintiff.

(DE #21 at 7). In his Third Amended Complaint, this paragraph is reiterated verbatim. (DE #47 at 38). The count now includes one

12

additional paragraph:

> That Defendant Wood had a duty to avoid assault against another person and breached that duty when she intentionally threatened the Plaintiffs [sic] integrity and to inflict injury upon the plaintiff; she is the actual and proximate cause of this breach of duty and the Plaintiff suffered damages as a result of said breach.

(DE #47 at 39). This adds little, if anything, of substance to the previous version of the claim - just additional legalese and boilerplate language. Plaintiff had been admonished of the need to put the defendants on notice of "*precisely* what legal theories he is asserting against which Defendants and the factual basis for each claim." (DE #46 at 11-12). In response to the motion to dismiss, Plaintiff indicates that the complaint alleges that Wood confronted (Plaintiff) in a violent and threatening manner" and threatened to inflict injury upon plaintiff. (DE #62-1 at 5). This language appears in the section of the complaint labeled "operative facts," not Count IV, despite being admonished to associated the relevant facts with the legal theory.

Nonetheless, under Indiana law, "[a]n assult creates an apprehension of imminent harmful or offensive contact." *Knight v. Indiana Ins. Co.*, 871 N.E.2d 357, 362 (Ind. Ct. App. 2007). The complaint does not allege any apprehension of imminent harmful or offensive contact. Wood is described as threatening "the integrity of Plaintiff." (DE #47 ¶ 38). While he alleges a "threat to inflict injury" and the "present ability to hurt Plaintiff," the

13

complaint does not suggest that the injuries being referenced are physical ones.  More is required.

Count V - Defamation

As with the assault claim, the language in the Fourth Amended Complaint is identical to that of the previous complaint, except that an additional paragraph regarding duty, causation, and damages has been added.  The count alleges in its entirety that:

> Defendant Wood defamed Plaintiff when she injured his reputation and diminished his esteem, respect, good will, and confidence in Plaintiff in the community, including his employer, Dustcatchers, Inc., and in particular in the presence of his business client.
>
> That Defendant Wood had a duty not to defame another person and breached that duty when she inured his reputation by her aforesaid verbal and physical actions while at the business location of a client of the Plaintiff[']s employer; she was the proximate and actual cause of said breach and the Plaintiff suffered damages as a result of said breach.

(DE #47 at 40-41).  The Third Amended Complaint does not actually identify what Wood said that was defamatory - an oversight that should have been cured by the fourth drafting of the complaint. Presumably, the allegedly defamatory statement is that there was a warrant for Plaintiff's arrest.  But the Third Amended Complaint itself alleges that Officer Ames found a warrant for Plaintiff's arrest.  (DE #47 at ¶ 14).  Wood's statement that there was a warrant was true, and truth is a defense against a claim of

14

defamation.  *See Northern Indiana Public Service Company* v. *Dabagia*, 721 N.E.2d 294, 301 (Ind. Ct. App. 1999).

Count IV: Malicious Prosecution

As with the defamation count, the language in the malicious prosecution count is identical to the previous complaint, except for an additional paragraph regarding duty, causation, and damages. The malicious prosecution Count alleges, in its entirety that:

> Defendant Wood maliciously commenced criminal/civil proceedings and Defendant Westville, Defendant LaPorte County, and Defendant Porter County continued those proceedings against Plaintiff of which Plaintiff was found to be not guilty and for which existed no probable cause.
>
> That Defendant Wood had a duty to avoid malicious prosecution and breached said duty when she initiated criminal/civil proceedings against Plaintiff, knowing that no probable cause or reason existed to do so; she was the actual and proximate cause of said breach and Plaintiff suffered damages as a result of said breach.

(DE #47 at 42-43). This claim is barred by the Indiana Tort Claims Act. "A governmental entity or employee acting within the scope of the employee's employment is not liable if a loss results from ....(6) the initiation of a judicial or an administrative proceeding." I.C. § 34-13-3-3(6). As a matter of law, this claim fails.

Count VII: False Imprisonment

Plaintiff's false imprisonment count alleges in its entirety that:

> Defendant Westville, Defendant LaPorte County, and Defendant Porter County intentionally and unlawfully exercised the express or implied threat of force to restrain, detain, or otherwise confine Plaintiff without his consent.
>
> That the Defendants had a duty not to unlawfully detain or imprison another person and breached said duty when they in-fact arrested and imprisoned the Plaintiff unlawfully; the Defendants are the actual and proximate cause of said breach and the Plaintiff suffered damages as a result.

(DE #47 at 44-45). Porter County did not arrest or imprison Jendrzejczyk. Once again, Porter County is not synonymous with the Porter County Sheriff's Office.


Count VIII: False Arrest

Plaintiff's false arrest count alleges in its entirety that:

> Defendant Wood, Defendant Westville, Defendant LaPorte County, and Defendant Porter County authorized, encouraged, directed, or assisted in the arrest of Plaintiff and caused an unreasonably delay to occur: a) in taking the Plaintiff before a judge; and, b) before Plaintiff was released from custody.
>
> That Indiana code 35-33-7-4 & 35-33-7-1 requires a person arrested in accordance with the provisions of a warrant (or without a warrant) shall be taken promptly for an initial hearing before the court issuing the warrant or before a judicial officer having jurisdiction over the defendant. This first

>appearance is known as an arraignment or
>"initial hearing" and where Indiana Code does
>not define "promptly" most Courts agree that
>48 hours is the standard in which to bring an
>arrested person before a Court but the
>Defendants failed to do so intentionally or
>through gross negligence.
>
>That the Defendants had a duty to promptly
>bring the Defendant before a Judge or
>Magistrate and breached that duty when they
>failed to *ever* bring the Plaintiff before a
>Judge or Magistrate. That the Porter County
>Defendants are the actual and proximate cause
>of said breach and the Plaintiff suffered
>damages [as] a result of the breach.

(DE #47 at 46-48).

Wood did not arrest Plaintiff. Westville Police Officer Ames arrested Plaintiff. Furthermore, there are no facts here linking Wood to any delay in releasing Plaintiff from custody. Because the complaint does not allege that Wood either arrested Plaintiff or caused the delay in his release, Porter County cannot be liable for false arrest based on the actions of Wood. As with other counts, this claim must fail because Porter County is not synonymous with the Porter County Sheriff's Department, Prosecutor's Office, or courts.

<u>Count IX: Negligence</u>

Plaintiff's negligence count alleges in its entirety that:

>Defendant Westville, Defendant LaPorte County,
>and Defendant Porter County's, negligent
>hiring, training, and supervision of their law
>enforcement officers and computer systems
>personnel.

17

> That the Defendants had a Duty to properly
> hire, train, and supervise its employees and
> breached said duty to properly train, hire,
> and supervised them.  That Defendants are the
> actual and proximate result of said breach and
> Plaintiff suffered damages as a result of the
> breach.

This count of the Third Amended Complaint is both riddled with grammatical errors and utterly lacking in facts.  There are not facts presented for this Court's consideration that could support a finding that Porter County was negligent in hiring Wood.  Plaintiff's conclusory allegations are not sufficient to allow this claim to proceed.


CONCLUSION

For the aforementioned reasons, the  instant motion to dismiss (DE #57) is **GRANTED**.  When dismissing Jendrzejczyk's previous version of the complaint, the Court noted that, while he would be granted another opportunity to amend his complaint, a plaintiff is not entitled to endless attempts to state his claims.  Having now filed four separate complaints, failing to make meaningful changes to the complaint at each juncture, dismissal with prejudice is warranted.  Porter County, Indiana, and Terri Wood are dismissed **WITH PREJUDICE.**  This case will proceed as to Defendants LaPorte County, Indiana and Westville, Indiana.

**DATED: August 4, 2017**                              /s/ RUDY LOZANO, Judge
                                                      **United States District Court**