IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD JENDRZEJCZYK,            )
                                 )
              Plaintiff,          )
                                 )
v.                               )          CAUSE NO. 2:15-CV-00300
                                 )
PORTER COUNTY, INDIANA,          )
LAPORTE COUNTY, INDIANA          )
WESTVILLE, INDIANA, and          )
Terri Wood, in her official and   )
Individual capacities,           )
                                 )
              Defendants.         )

**DEFENDANTS, LA PORTE COUNTY and WESTVILLE's MEMORANDUM OF LAW
IN SUPPORT OF SUMMARY JUDGMENT**

 Defendants, La Porte County, Indiana ("La Porte County"), and Town of Westville,

Indiana ("Westville"), by counsel, submit the following Memorandum of Law in support of

summary judgment filed pursuant to Fed. R. Civ. P. 56 and N.D. Ind. L.R. 56-1, as to all of

the claims the plaintiff has made against them in his third Amended Complaint.

## I. PROCEDURAL HISTORY

 As detailed by the Court in its Order granting the co-defendants Porter County and

Terri Wood their motion to dismiss [DE #65, pp. 1-2], the plaintiff first filed his suit in

Porter County Superior Court and, after he amended the complaint in that court to add

federal law claims pursuant to 42 U.S.C. §1983, it was removed by the defendants to this

Court where he amended it a second and third time. [DE #1, #1-1; #1-5; DE #9; DE #21; and

DE #47].[1]

 In his third Amended Complaint, Mr. Jendrzejczyk alleges that as a result of his

November 8, 2012, arrest, Westville and La Porte County, Porter County and Wood violated

---

[1] In his original Complaint the plaintiff sued the "Westville Police Department" and not the town of Westville.

his federal rights prohibiting unreasonable searches, unreasonable seizures, and unreasonable use of force, as well as state law against assault, defamation, malicious prosecution, false imprisonment, false arrest, negligence, illegal conspiracy, and illegal conspiracy to violate his civil rights. [DE #47, & #1].

On August 8, 2017, the Court granted Porter County and Wood their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [DE #47].

## II. STATEMENT OF MATERIAL FACTS

On November 8, 2012, Mr. Jendrzejczyk was in the West Point Lounge in Westville, Indiana, making deliveries for his employer when Terri Wood, a Porter County 911 Dispatcher who was a patron at the bar, recognized him as having an outstanding warrant for his arrest and told him that she was going to call a police officer. [DE #47 pp. 2-3].

At about 8:00 p.m. Officer Stephen Ames of the Town of Westville Police Department received a radio dispatch to assist another Porter County Sheriff's Department in locating Richard Jendrzejczyk who had an outstanding warrant for his arrest for failure to appear issued from the Porter Superior Court. (Ex. 1, Affidavit of Stephen R. Ames). Ames was informed by the dispatch officer that Jendrzejczyk was inside Westpoint Lounge in Westville, Indiana. (*Id.*) When Officer Ames arrived at the West Point Lounge he informed Jendrzejczyk that there was an outstanding warrant for his arrest showing on the Porter County database as #64CO1-9403-JP-192 which was issued from a Porter County Court. [DE #47, p. 4]; (Ex. 1, aff. S. Ames; with attached Exhibit A, Bench Warrant and Exhibit B, Order for Issuance of Arrest Warrant, Porter Circuit Court, M. Harper, J.).

Officer Ames radioed the dispatch officer of the La Porte County Sheriff's Department who confirmed that the warrant was valid out of Porter County and then

[DE #1-1].

informed Jendrzejczyk that the warrant was valid, placed him under arrest, cuffed him behind his back with metal cuffs using appropriate spacing and reasonable force and transported him to the La Porte County Jail. [DE #47, p. 4]; (Ex. 1, aff. S. Ames with attached Exhibit C, La Porte County Incoming Sign-In Sheet). At the jail, La Porte County Sheriff's Department Deputies took Jendrzejczyk into custody at approximately 8:47 p.m. (Ex. 1, aff. S. Ames with attached Exhibit D, La Porte County Sheriff Prisoner Intake Form).

The following morning, November 9, 2012, at 8:42 a.m., Jendrzejczyk answered the jail's medical screening questionnaire by stating that he took a shot of medication twice a week for arthritis and had no other health problems.  (Ex. 1, aff. S. Ames with attached Exhibit E, Medical Intake Screening Form) He did not request any medication or make any complaints of pain or discomfort.  (*Id*.) Approximately twelve hours after his arrest and eleven hours after his detention at the jail, Mr. Jendrzejczyk was released at 11:48 a.m. on November 9, 2012, to the custody of the Porter County Sheriff's officers who transported him to the Porter County Jail pursuant to the warrant. [DE #47, p. 4] (Ex. E, Medical Intake Screening Form; Ex. F, La Porte County Detailed Release Report).

At all times relevant to this matter, Stephen Ames was a duly authorized police officer employed by the Town of Westville.  (Ex. 1, aff. S. Ames) As a requirement of his employment as a police officer, Ames attended the Indiana Police Academy where he received appropriate classroom instruction and training on the Fourth Amendment requirements for an arrest both with and without a warrant as well as training in the use of reasonable force to make an arrest. (*Id*.)

Mr. Jendrzejczyk did not resist his arrest and Officer Ames used only reasonable force necessary to cuff him and transport him to the La Porte County Jail. (*Id*.)

Neither Westville nor La Porte County had any customs, policies, or procedures, formal or informal, to or to deny citizens, including Mr. Jendrzejczyk, constitutional rights

concerning arrests or seizures, with or without a warrant, nor did any of their policy makers conspire to do so. (Ex. 2, aff. of Westville Chief-Marshal Darin Mercer; Ex. 3, aff. La Porte County Commissioner President, Richard Mrozinski; Ex. 4, aff. La Porte County Commissioner Vice President, Michael Gonder; Ex. 5, La Porte County Commissioner Member, Vidya Kora).

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is appropriate-in fact, mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law.  In other words, the record must reveal that no reasonable jury could find for the non-moving party. Dempsey v. Atchison, Topeka & Santa Fe. Ry. Co., 16 F.3d 832, 836 (7th Cir. 1994)(citations and quotation marks omitted.)  Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand merely by resting on its pleadings but must instead come forward with specific facts showing that there is a genuine issue for trial. Fed. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).

### IV.  ARGUMENT

The plaintiffs' third Amended Complaint contains eleven counts, three of which - Counts I, II and III - allege violations of federal rights and the remaining counts make

claims under Indiana common or statutory law.  There is no genuine issue of material fact as to any of these claims and as a matter of law summary judgment for the defendants is appropriate.

## V.  PLAINTIFF'S FEDERAL LAW CLAIMS

**Count I – 42 U.S.C. §1983 claims**

1. *La Porte County is not a proper party.*

Mr. Jendrzejczyk alleges in Count I that Westville and La Porte County (as well as Wood and Porter County) "unreasonably searched, seized, and used force against him without probable cause" thereby depriving him of his rights under the Fourth, Eighth and Fourteenth Amendments of United States Constitution.  [DE #47, pp. 7-8, 32]. His complaint therefore alleges misconduct by the arresting officer, Stephen Ames of the Westville Police Department and or the La Porte County Sheriff's Department by the Sheriff's Deputies who detained him at the jail. [DE #47].  La Porte County, however, is not a proper party for claims against the La Porte County Sheriff and summary judgment against the plaintiff on this claim should be granted.

Article 6, § 2 of the Indiana Constitution establishes that county commissioners do not control the actions of the county sheriff and it is well settled that Indiana sheriffs are not subject to the control or authority of the commissioners of the county in which they hold office. *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. App. 1991); *Reagins v. Dominquez*, 2014 U.S. Dist. LEXIS 316, 2014 WL 29090 (N.D. Ind., January 2, 2014).  The sheriff of the county assigns the sheriff department's duties according to law, Ind. Code § 36-8-10-4(a) (Lexis Advance 2017), and under Indiana law, it is the sheriff of a county who has responsibility to take care of the county jail and prisoners.  Ind. Code § 36-2-13-5(a)(7)(Lexis Advance 2017). In addition, under Indiana law, a county, which necessarily acts through its commissioners, does not execute warrants nor does it operate the jail or make decisions on

jail policies or procedures.  *See* Ind. Code 36-2-13-5(a)(4) and (6); *Delk v. Board of Comm'rs,* 503 N.E.2d 436, 440 (Ind. Ct. App. 1987). Such matters are the responsibility of the county sheriff and the conduct by the sheriff department's deputies is not imputed to the county, *Id.* at 440.  The La Porte County Sheriff's Department, not La Porte County, is responsible for the alleged constitutional violations of the Sheriff's deputies.  *Burton v. Lacy,* 2008 U.S. Dist. LEXIS 4510, 2008 WL 1877552, *4 (S.D. Ind. Jan. 18, 2008).

Therefore, Mr. Jendrzejczyk's claims concerning his detention and custody in the jail are not claims against La Porte County because it does not have control the jail or the Sheriff's Department.  *Delk,* 503 N.E.2d at 440. The sheriff and not the county, has the power and duty to "execute all process directed to the sheriff by a legal authority and to take care of the county jail.  I.C. 36-2-13-5(a)(4) and (6). Actual administration of the jail and treatment of prisoners falls to the county sheriff. *Weatherholt v. Spencer County,* 639 N.E.2d 354, 356 (Ind. Ct. App. 1994).  "The law is well-settled that county commissioners do not have control over the acts of a sheriff." *Robins v. Harris,* 740 N.E.2d 914, 919 (Ind. Ct. App. 2000), *summarily aff'd in relevant part,* 769 N.E.2d 586, 587 (Ind. 2002).

This Court has previously granted defendant Porter County's Rule 12(b)(6) motion to dismiss finding that it was a separate entity from the Porter County Sheriff's Department and not responsible for the Porter County Sheriff's actions which the plaintiff alleges were the basis of his invalid arrest and detention.  [DE #65, p. 7-8]. The same legal analysis applies under Rule 56 summary judgment to the plaintiff's claims against La Porte County because the alleged acts of the La Porte County Sheriff or his Deputies cannot be imputed to La Porte County. *See Radcliff v. Cnty. of Harrison,* 627 N.E. 2d 1305, 1306 (Ind. 1994).

    2.  *Westville cannot be held liable under §1983 on a respondeat superior theory for the acts of its employee, Officer Ames.*

Mr. Jendrzejczyk brings his action under 42 U.S.C. §1983 alleging that he was arrested and detained by Officer Ames in violation of his constitutional rights guaranteed under the *Fourth*, *Eighth* and *Fourteenth Amendments*.[2] [DE #47 at 1, 8-9]. The plaintiff, however, has not sued Officer Ames in his personal capacity for the alleged misconduct but instead names only Westville as a defendant and seeks to hold it vicariously responsible for the alleged unconstitutional actions of its employee. [DE #47, pp. 1-2]. Section 1983, however, does not recognize the doctrine of superior's liability. *Monell v. Department of Social Servs.*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *McKinnon v. City of Berwyn*, 750 F. 2d 1383, 1390 (7th Cir. 1984). Therefore, because Westville cannot be vicariously liable under §1983 for the alleged unconstitutional acts committed by Officer Ames, there are no genuine issues of material facts to support his claim against Westville and summary judgment as a matter of law should be granted. *Monell*, *supra*.

3. *Officer Ames arrest of Jendrzejczyk was pursuant to a facially valid warrant and did not violate the plaintiff's Fourth Amendment constitutional rights.*

Even if the Court were to consider Mr. Jendrzejczyk's claims against Westville as claims against Officer Ames in his individual capacity, there are no facts to support his allegations that he was arrested and detained in violation of the *Fourth Amendment* and summary judgment is still appropriate.

First, the force used by Officer Ames to arrest Jendrzejczyk was reasonable and there is no evidence that Ames intentionally or recklessly deprived him of a constitutional right. (Ex. 1, aff. S. Ames). Officer Ames identified Jendrzejczyk at the Westpoint Lounge and advised him that there was an outstanding warrant for his arrest.  (*Id*.) Upon

---

[2] Because Mr. Jendrzejczyk was a pre-trail detainee upon arrest and had not been convicted of a crime, his section 1983 claim should be analyzed under the *Fourteenth Amendment's* Due Process Clause rather that under an *Eighth Amendment* claim to be free from cruel and unusual punishment. *See Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 77 L. Ed. 2d 605, 103 S. Ct. 2979 (1983*); Butera v. Cottey*, 285 F. 3d 601, 605 (7th Cir. 2002).

confirming that the warrant was valid, Ames cuffed Jendrzejczyk with metal handcuffs observing proper spacing of his wrists and placed him in his squad car without incident and transported him to the La Porte County Jail.  (*Id*.) Upon arrival at the La Porte County Jail, Ames transferred Mr. Jendrzejczyk to the custody of the La Porte County Sheriff's Department Deputies at approximately 8:47 p.m., again without incident.  (*Id*., with attached exhibit G, Westville Police Department Report, 12-003527).  Approximately 11 hours later, Porter County Sheriff's Deputies arrived and took Jendrzejczyk into custody. (Ex. 1, aff. S. Ames, with attached Exhibits D, E).

Secondly, the plaintiff does not allege that the Porter County warrant database was inaccurate or that that Ames knew the warrant was invalid at the time he acted on it to make the arrest. [*See* DE #47, p. 4, 14-15]. Officer Ames acted in good faith in relying upon the warrant and even if an arrest is mistakenly made pursuant to a facially valid warrant, the officer executing the warrant does not violate the *Fourth Amendment* by arresting and detaining the wrong person.  *Baker v. McCollan*, 443 U.S. 137, 143, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979)(no unconstitutional deprivation of liberty occurred where the plaintiff was arrested pursuant to a facially valid warrant naming him although the person sought on the warrant was actually his brother).  When a warrant is valid on its face and the officer fulfills his duty in executing it, there could be no deprivation of a constitutional right under the *Fourth Amendment*.  *Brown v. Patterson*, 823 F. 2d 167, 169 (7th Cir. 1987)(officer acted reasonably for *Fourth Amendment* purposes when he arrested the wrong individual whose name matched the alias of a suspect on the warrant); *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982)(policeman executed a warrant against a different person with the same name but if a warrant "is valid on its face, its execution against the person named in the warrant does not violate the *Fourth Amendment*" even when the person was of a different race.); *Patton v. Przybylski*, 822 F. 2d 697, 699 (7th Cir. 1987).

Finally, because Officer Ames relied upon a facially valid warrant to arrest Mr. Jendrzejczyk, he is entitled to qualified immunity from any *Fourth Amendment* claims because at best his was a mistake in judgment in relying upon the warrant and he did not knowingly violate the law. *Belcher v. Norton*, 497 F.3d 742, 749 (7th Cir. 2007)(qualified immunity will work as a shield if a reasonable officer could have believed the arrest to be lawful in light of clearly established law and the information the officer possessed) The plaintiff alleges only that the warrant lacked details and that Ames relied upon the information in the database and upon Wood's assertions. [DE #47 at 4]. Officer Ames saw that that the warrant was validly issued by the Porter Superior Court. (Ex. 1, aff. S. Ames with attached exhibits). A policeman can rely upon the warrant and he does not have to investigate or cross-examine the judicial officer who issued it in an attempt to determine its validity. *Patton*, 822 F. 2d at 699. As stated by the Supreme Court in *Baker*, "[We] do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. . . . The ultimate determination of such claims. . . . is in the hands of the judge and the jury." *Baker*, 443 U.S. at 145-146. Summary judgment is therefore appropriate on this claim.

**Count II – 42 U.S.C. §1983 Conspiracy**

Mr. Jendrzejczyk alleges that Westville and La Porte County conspired with Porter County to cover up unreasonable searches and seizures and use of force against him and in furtherance of the alleged conspiracy he claims that the Porter County Sheriff and Porter County Prosecutor acted in concert to unlawfully detain him. [DE #47 at 8, 35]. In a tort case such as a §1983 constitutional-tort claim such as this one, "the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chicago, et. al.*, 856 F.2d 985, 992 (7th Cir. 1988). The

requirements for establishing participation in a conspiracy are the same, however, as in a case in which conspiracy is a substantive wrong. *See Hartford Accident & Indemnity Co. v. Sullivan*, 846 F.2d 377, 383 (7th Cir. 1988). To be liable as a conspirator the person must be a voluntary participant in a common venture, although he or she need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if the person understands the general objectives of the scheme, accepts them, and agrees, either explicitly or implicitly, to do a part to further them. *See*, e.g., *id*. at 383-85; *Bell v. City of Milwaukee*, 746 F.2d 1205, 1255 (7th Cir. 1984).

The plaintiff's claims of conspiracy against Westville or La Porte County fail because there are no facts to support it.  Neither Westville nor La Porte County (more accurately, their policy makers) were involved in any conspiracy or policy to unlawfully arrest and detain the plaintiff. (Ex. 2, aff. Marshal D. Mercer; Exs. 3-5, aff. La Porte County Commissioners). Jendrzejczyk does not even allege an individual policy maker at Westville or La Porte County arrested or detained him or conspired to do so.  The La Porte County Sheriff or his Department held Mr. Jendrzejczyk pursuant to the warrant and La Porte County is not a proper party to a claim of conspiracy to do so.  *Delk*, *supra*.

Regarding his claim of conspiracy against Westville, because plaintiff is not claiming a policy maker was engaged in a conspiracy or acted to make the arrest, the plaintiff is proceeding on a theory of *respondeat superior* against Westville for the conduct of Officer Ames in arresting and holding him, something that he cannot do under §1983. *Monell*, *supra*.  Summary judgment on this conspiracy claim is appropriate.

**Count III - Municipal Liability Claims under §1983**

The plaintiff alleges in Count III that Westville and La Porte County (again, along with Porter County) "unreasonably searched, seized, and used force" against him without probable cause when its "policy makers" confined him with no valid warrant or in violation

of the law [DE #47, at 9, &37(a) and (b)], that they failed to train and supervise their police officers in warrant tracking procedures [*Id.* at &37(c)], and that their officers acted under a policy, custom, and practice to unreasonably search, seize, and use force against him [*Id.*, at ¶37(d)].  As stated, Count III is a hybrid of claims alleging: 1) misconduct by Officer Ames and the La Porte County Sheriff's Department for the arrest and detention of Mr. Jendrzejczyk; 2) lack of training of Officer Ames or the Sheriff's Deputies; and 3) a violation of federal rights pursuant to municipal policy of La Porte County and Westville.

With regard to any §1983 allegations concerning the plaintiff's detention by and the lack of training of the La Porte County Sheriff Deputies, La Porte County is not a proper party.  La Porte County was not involved in such conduct and as a matter of law is not responsible for Mr. Jendrzejczyk's detention at the jail or for the training of La Porte County Sheriff Deputies. That is the duty of the La Porte County Sheriff.  La Porte County therefore is not a proper party for such individual conduct or lack of training claims. *Delk*, *supra*.

With regard to any §1983 claim against Westville for the acts of Officer Ames, as argued above, this municipality cannot be liable under §1983 on a *respondeat superior* theory for the acts of its employee Officer Ames in arresting Jendrzejczyk. *Monell, 436 U.S. at 691*.

That leaves the plaintiff's allegation in this Count that Westville or La Porte County acted pursuant to a municipal policy or custom to inflict upon him the alleged injury or that one of its policy makers committed the alleged arrest and detention. The first question to be asked in a §1983 policy claim against a municipality is whether that entity has final policy making authority, and that is a question of state law.  *See, Horwitz v. Bd. of Educ. Of Avoca Sch. Dist. No. 37, 260 F. 3d 602, 619-20 (7th Cir. 2001)*; *Vandewalle v. Moffa, 2009 U.S. Dist. LEXIS 19303 *8*.  As noted above, under the Indiana Constitution, Sheriff's Departments are independent of their counties, IND. CONST. art. 6, '2, and although officers employed by

the Sheriff's Department are employed by the county, they operate under the control of the county sheriff. *Herbert v. Porter County, Ind., No 2:07-CV-91, 2007 U.S. Dist. LEXIS 60345, 2007 WL 2363835 at \*3 (N.D. Ind. Aug. 14, 2007)* (citing *Ind. Code '36-8-10-4(a)*. *See also*, *Pitts v. Elkhart County, No. 3:05CV-38., 2007 U.S. Dist. LEXIS 82198, 2007 WL 3256663, at \*5 (N.D. Ind. Nov. 2, 2007)*. Therefore, La Porte County has no policy making authority over the La Porte County Sheriff's Department as a matter of law and the plaintiff's municipal liability claim against it must fail. *Vandewalle*, 2009 U.S. Dist. LEXIS 19303 at \*8, 9 (county has no authority under Indiana law to make policy or custom for the sheriff's department and it therefore could not be held liable under *Monell* for §1983 claims based upon implementation of policy).

Regarding any policy claims against Westville, the facts are undisputed that Westville did not have any policy, custom practice or procedures to arrest individuals without a warrant in violation of their constitutional rights. (Ex. 2, aff. D. Mercer, Westville Town Marshal). Therefore, summary judgment on the conspiracy claim based upon a municipal policy by Westville should be entered.

Paragraph 37 of the third Amended Complaint appears to make a claim that the individual "policy makers" acted in violation of his constitutional rights, separate from that of creating or implementing a policy. [DE #47 at 9]. However, the plaintiff has not alleged that a policy maker from Westville or La Porte County actually arrested or detained him or failed to track his warrants, nor does he identify any individual policy maker that detained him at the Porter County Jail. [*See*, DE #47 at 9, ¶a, b and c]. The Seventh Circuit has made it clear that "individual liability under 42 U.S.C. §1983 can only be based upon a finding that the defendant caused the deprivation of rights at issue." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2005). Because no Westville and La Porte County policy makers or officers acted in violation of plaintiff's constitutional rights either through their policies,

customs or practices or by the conduct, summary judgment should be granted. (*See* Ex. 1, aff. S. Ames; Ex. 2, aff. D. Mercer; Exs. 3-5, aff. of La Porte County Commissioners).

### VI. PLAINTIFF'S STATE LAW CLAIMS

If the Court grants summary judgment to these Defendants as to the federal law claims (Counts I, II, and III) over which it has original jurisdiction, the question then becomes whether it retains jurisdiction over the state law claims. *See* 28 U.S.C. §1367(c)(3). Mr. Jendrzejczyk has asserted state law claims for malicious prosecution (Count VI) false imprisonment (Count VII), false arrest (Count VIII), negligence (Count IX), and illegal conspiracy (Count X) and failure to intervene (Count XI). [3]

Although the usual practice in the Seventh Circuit is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial, *Groce v. Eli Lilly,* 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 334 (7th Cir. 1995), there is justification for departing from that "usual practice" in this case.  The plaintiff has filed an original and three amended complaints without evidence to support them.  His original complaint alleging state law tort claims and violations of the Indiana Constitution were dismissed by Judge Bradford of the Porter Superiors Court [DE #1-4 at 2] and despite being given the chance to amend his second Amended Complaint to correct deficiencies in his pleading, the plaintiff's third Amended Complaint, this Court dismissed the co-defendants Porter County and Wood finding that he failed to state a claim. [DE #46, #65].  Allowing the plaintiff an opportunity to yet again refile a fourth Amended Complaint would only prolong the legally deficient claims and cost both Westville and La Porte County continued time and expense in defense.  The defendants believe this Court should consider the following and grant summary judgment on the state law claims.

---

[3] Counts IV and V of third Amended Complaint allege state law claims of assault and defamation but those claims are made against the defendant Wood only and have been dismissed. [DE #47 at 9-10; DE #65].

**Count VI – Malicious Prosecution**

Mr. Jendrzejczyk alleges a state law claim in Count VI that Wood maliciously commenced criminal proceedings against him and that Porter County, Westville and La Porte County continued those charges.  The plaintiff again misses the mark in pleading this claim – no individual is alleged to have committed this act nor do Westville or La Porte County have authority to charge him with any crimes.  The Porter County Prosecutor is a constitutionally-created office that is separate from a county office and he or she has the responsibility to file criminal or civil proceedings against Mr. Jendrzejczyk. *See* Ind. Const. Art. 7, §16.  All criminal prosecutions are carried out in the name of the State of Indiana, not individual counties or municipalities. Ind. Const. Art. 7, §18.  Neither the county nor a municipality can be held liable for a prosecutor's actions in charging and trying a case. *See* *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1225-26 (Ind. Ct. App. 1999) (citing *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995), cert. denied, *trans. denied*.) This necessarily precludes any liability of either Westville or La Porte County related to the charging decisions of the Porter County Prosecutor's Office regarding Jendrzejczyk.

And although a municipal employer such as Westville may be liable under the doctrine of *respondeat superior* for the acts of its employee which are committed in the course and scope of their employment, *City of Fort Wayne v. Moore*, 706 NE.2d 604, 607 (Ind. Ct. App. 1999), the Indiana Tort Claim Act grants absolute immunity to governmental entities and their employees for the initiation of a judicial or administrative proceeding. Ind. Code. §34-13-3-3-6.  "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following. . . . (6) The initiation of a judicial or an administrative proceeding."  This provision of the ITCA is most commonly associated with suits for malicious prosecution or abuse of process.  *See*, e.g.,

*Waldrip v. Waldrip*, 976 N.E. 2d 102, 115-16 (Ind. Ct. App. 2012). Indiana courts have held "that in accordance with the plain wording of the statute, immunity is granted to municipal subdivisions and police officers in actions for malicious prosecution." *Livingston v. Consol. City of Indianapolis*, 398 N.E. 2d 1302, 1306 9 Ind. Ct. App. 1979). Therefore, Westville, as the employer of Officer Ames, enjoys immunity against the plaintiff's malicious prosecution claim and summary judgment is appropriate.

### Count VII – False Imprisonment and Count VIII – False Arrest

Mr. Jendrzejczyk alleges in Count VII a state law claim that Westville and La Porte County had a duty not to unlawfully imprison a person and that they breached that duty when they exercised the actual or implied threat of force to restrain or confine him.  [DE #47 at 44-45]. He also claims in Count VIII that Westville and La Porte County assisted in his arrest and then delayed his appearance at an initial hearing by not bringing him before a judicial officer within 48 hours of his arrest. [DE #47 at 11]. Neither the law nor the facts support these claims.

It must first be noted that the plaintiff filed this state law claim of false imprisonment and unlawful detention in his original Complaint and the Porter Superior Court ordered that complaint dismissed.  [DE #1-1 at 4; DE #1-4 at 2]. Court records are commonly recognized facts and it is proper for this Court to take judicial notice of the state court's order pursuant to Fed. R. Evid. 201(b). [DE #1-1 at 4; DE #1-4 at 2]; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997); *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016)("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.") The order to dismiss the false arrest and detention claims is res judicata and under the concept of collateral estoppel and it precludes Jendrzejczyk from relitigating those claims. *See Starzenski v. City of*

*Elkhart*, 87 F.3d 872 (7th Cir. 1996); *Town of Flora v. Indiana Service Crop.*, 222 Ind. 253, 257; 53 N.E.2d 161, 163 (Ind. 1944).

If this Court is to consider these claims anew, under Indiana law, false imprisonment is defined as the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent. *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002)(35 C.J.S. False Imprisonment § 14, at 444 (1999). Although false arrest and false imprisonment are often referred to in case law as one cause of action, they can be distinct. A false imprisonment claim can be made absent an arrest. *See e.g.*, *Dietz*, 754 N.E.2d at 967-68. The terms "false arrest" and "false imprisonment" are virtually synonymous, however, and are sometimes considered to be the same tort and any difference between the two is not significant.  *See Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 872 (N.D. Ind. 2003) A false arrest is one means of committing a false imprisonment, and every false arrest has, at its core, a false imprisonment.  .  .  .  (35 C.J.S. False Imprisonment § 3 at 435-36 (1999) (footnotes and citations omitted).

La Porte County did not arrest or imprison Jendrzejczyk nor did it have a policy to do so. Furthermore, no policy maker of La Porte County acted to cause the arrest or imprisonment of the plaintiff.   (Exs. 3-5, aff. La Porte County Commissioners). The La Porte County Sheriff's Department which houses both pretrial detainees and prisoners in the La Porte County Jail is not synonymous with La Porte County.  Because there are no facts to support the plaintiff's claims in Counts VII and VIII against La Porte County and because under the applicable Indiana law La Porte County does not arrest or imprison citizens, summary judgment on this claim should be entered for the La Porte County.

With regard to these claims against Westville, it did employ Officer Ames who arrested Jendrzejczyk and it would therefore be liable for torts committed by the officer while in the course and scope of his employment.  *Moore*, 706 N.E. 2d at 607.  However,

Officer Ames executed a valid warrant to arrest the plaintiff and he acted in good faith when he did so and relied upon that warrant for probable cause.  (Ex. 1, aff. S. Ames). "A police officer cannot be held liable for false arrest if the officer believed in good faith that the arrest was made with probable cause and such belief was reasonable. *Garrett v. City of Bloomington,* 478 N.E. 2d 89, 93 (Ind. Ct. App. 1985). Indiana courts have consistently held that a process or warrant not void on its face issued by a tribunal having general jurisdiction of the subject matter is a protection to the officer executing it. *Grant County Commissioners v. Cotton,* 677 N.E.2d 1103, 1105 (Ind. Ct. App. 1997).   Under circumstances where the warrant is facially valid but mistakenly issued, Indiana courts have held that the officer is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded or to exercise his judgment touching upon its validity in a point of law or by the fact that the process may have been obtained fraudulently.  *Stine v. Shuttle,* 186 N.E.2d 168, 172 (1962); *Elzey v. Archer,* 500 N.E.2d 1253 (Ind. Ct. App. 1986), *cert denied* 484 U.S. 1008. (Sheriffs and their deputies are protected from liability for claims of false imprisonment for executing process issued irregularly where process was not void on its face and was issued by a court with general jurisdiction over the subject matter). The Order for Issuance of Arrest Warrant for Mr. Jendrzejczyk and the Bench Warrant for his arrest was issued by the Porter Circuit Court.  (Ex. A and B). Officer Ames confirmed that the warrants were valid. (Ex. 1, aff. S. Ames). The plaintiff's claim that Officer Ames could not provide him with a reason for the warrant is of no significance. Even if a process may have been issued irregularly by a party who might be liable, something that Mr. Jendrzejczyk suggests, it is nevertheless a protection to the officer executing the warrant that it was valid on its face. It is only where the process is void on its face that the arresting officer is not protected. *Cotton, supra.* In *Cotton,* the court held that the ITCA did not abolish judicial immunity for actions taken in

the exercise of a judicial function such as serving a valid warrant. I.C. 34-13-3-3(8),[4]   A

sheriff who detains an individual for an extended period of time solely as a result of a

judge's order is still entitled to judicial immunity from a claim of false imprisonment.

*Cotton*, *supra* at 1109.

In order to prevail on his claim of false arrest or imprisonment against Westville, Mr.

Jendrzejczyk must demonstrate that the arrest was made by Officer Ames in bad faith or

with unreasonable belief in the constitutionality of his actions.  *McConnell v. McKillup*, 573

F. Supp. 2d 1090, 1104 (S.D. Ind. 2008)(citing *Garrett v. City of Bloomington*, 478 N.E 2d 89,

93 (Ind. Ct. App. 1983)).  This he cannot do because there is no genuine issue as to the fact

that Officer Ames believed in good faith that the arrest was made pursuant to a valid

warrant which provides probable cause and that such belief was reasonable.  Officer Ames

confirmed with dispatch from both La Porte and Porter County Sheriff's Departments that

the warrant was valid prior to taking Mr. Jendrzejczyk into custody.  (Ex. 1, aff. S. Ames). A

police officer cannot be held liable for false arrest under these circumstances.  *Garrett*, 478

N.E. 2d at 93 (citing *Brubaker v. King*, 505 F.2d 534 536-37 (7th Cir. 1974).

Additionally, there is no evidence that Officer Ames delayed Mr. Jendrzejczyk's

appearance before a judge for more than 48 hours as he alleges.  [DE #47 at 11].  The

uncontradicted evidence is that Officer Ames arrested Mr. Jendrzejczyk at about 8:00 p.m.,

delivered him to the La Porte County Jail upon at 8:47 p.m., and had no further contact

with him.  (Ex. 1, aff. S. Ames, with attached Exhibit G, arrest report; Exhibit H, La Porte

County Sheriff Department, Facility Audit Log).  Mr. Jendrzejczyk was released from the La

Porte County Jail within 11 hours of his arrival, at 8:41 a.m. the next day.  (*Id.* with

attached Exhibit F, La Porte County Detailed Release Report).

There being no genuine issue of material facts or law to support the plaintiff's claims

---

[4] The *Cotton* court dealt with the predecessor ITCA, Ind. Code Ann. § 34-4-16.5-3(7).

alleged in Counts VII and VII, summary judgment should be granted.

### Count IX - Negligence in training

Mr. Jendrzejczyk alleges that Westville and La Porte County negligently hired, trained and supervised their law enforcement officers causing him damages.  [DE #47, at 12].

With regard to La Porte County, again, it is not synonymous with the La Porte County Sheriff who hires, trains and supervises his Deputies and who maintains the jail and its pretrial detainees.  The plaintiff has sued the wrong party.

With regard to Westville, the undisputed facts show that Officer Ames was properly hired and adequately trained as a law enforcement officer (Ex. 1, aff. S. Ames) He attended the 14 week course of classroom studies and practical application of legally correct police procedures including making arrests with and without warrants and he was required to follow that training course by attending a 12 week refresher course on police procedures which included use of force training. (*Id*.) In addition, Officer Ames was subject to adequate supervision by his superior officer at the Westville Police Department.  (*Id*.) The plaintiff therefore has no facts to support his theory that Westville had a policy that failed to train Officer Ames or that such failure caused his damages or that Officer Ames used unreasonable force or acted in an otherwise unconstitutional way in making the arrest and summary judgment should be granted on this claim.

### Count X – Illegal Conspiracy and Count XI Failure to Intervene

This Count alleges Westville and La Porte County conspired with Porter County and Wood to falsely arrest and confine Mr. Jendrzejczyk in violation of state common law.  This claim fails for the same reasons his claim of conspiracy to violate his federal constitutional rights.  To be liable as a conspirator, the plaintiff must show that Westville or La Porte County voluntary participated in a common venture with Wood and Porter County to arrest

and detain him. There, however, is no evidence to support a conspiracy claim because, as argued in the Sections above, there is no evidence that these defendants committed the acts alleged.

The plaintiff also alleges that the policy makers of failed to intervene on his behalf to stop his arrest.  As argued above, Mr. Jendrzejczyk was arrested on a valid warrant and the policy makers of Westville and La Porte were not involved in that arrest nor do they have a duty to interfere with the execution of a valid warrant.

**VII.       CONCLUSION**

For the above stated reasons, the motion for summary judgment by Westville and La Porte County should be granted.

**Newby, Lewis, Kaminski & Jones, LLP**

By: /s/ Martin W. Kus
        Martin W. Kus, 5377-46
        *Attorney for Defendants, Westville and La Porte County*
        916 Lincolnway, P.O. Box 1816
        La Porte, Indiana 46350
        Telephone: (219) 362-1577
        Fax: (219) 362-2106

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| RICHARD JENDRZEJCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-00300 |
| | ) | |
| LAPORTE COUNTY, INDIANA, and | ) | |
| WESTVILLE, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

_____

PROOF OF SERVICE
_____

I hereby certify that on the 8th day of January, 2018, I electronically filed a complete

copy of Defendants, La Porte County and Westville's Memorandum of Law in Support of

their Motion for Summary Judgment and this Proof of Service with the Clerk of the Court

CM/ECF system:

Blake N .Dahl :  bdahl@fwgpc.com
Christopher A. Buckley: cab@sftlawyers.com
Russell W. Brown, Jr.: rbrown@scottkinggroup.com

**NEWBY, LEWIS, KAMINSKI AND JONES, LLP**

By: /s/ Martin W. Kus
Martin W. Kus, # 5377-46