# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD JENDRZEJCZYK, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:15-CV-300-TLS |
| LAPORTE COUNTY, INDIANA and WESTVILLE, INDIANA, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Defendants LaPorte County, Indiana, and Town of Westville, Indiana [ECF No. 66] pursuant to Rule 56 of the Federal Rules of Civil Procedure and N.D. Ind. L.R. 56-1.[1] For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion for Summary Judgment.

## STATEMENT OF FACTS

"This case arises out of the arrest and subsequent detainment of Plaintiff, Richard Jendrezejczyk [*sic*] and the named Defendants [*sic*] involvement commencing on or about

---

[1] Defendants Porter County, Indiana, and Terri Wood were dismissed pursuant to the Opinion and Order [ECF No. 65] granting those Defendants' Motion to Dismiss [ECF No. 57]; Defendants Porter County Sheriff and Westville Police Department were terminated upon the filing of Plaintiff's Second Amended Complaint [ECF No. 21]. Consequently, the Defendants who filed the instant Motion are the only remaining Defendants; notwithstanding the text entry that accompanies the Motion and its supporting Memorandum [ECF Nos. 66, 67].

November 8, 2012." Pl.'s Mem. in Opp. to Defs.' Mot. for Summ. J., Summary of the Facts[2], ECF No. 74–1, p. 1.

According to the evidence presented by the Defendants, the Plaintiff was arrested pursuant to a valid warrant. After his arrest, he was transported to the LaPorte County Jail and taken into custody. He remained in custody there for approximately fifteen hours, at which point he was released to the custody of the Porter County Sheriff officers who transported him to the Porter County Jail pursuant to the warrant. During his detention in the LaPorte County Jail, he indicated he only took medication twice a week, and there is no record he requested any medication during his hours-long detention.

## ANALYSIS

**A.   Federal Claims**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). "A district court should deny a motion for summary judgment only when the non-moving party presents

---

[2] The Court has reproduced the entire Summary of the Facts provided by the Plaintiff.

admissible evidence that creates a genuine issue of material fact." *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

If the moving party has fulfilled their burden and provided the court with evidence demonstrating the absence of a genuine issue of material fact, then the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019) (quoting *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015)). The party opposing a properly supported summary judgment motion may not rely on the allegations within their own pleadings. *Corbin v. Indiana*, No. 3:16-CV-00602, 2017 WL 1509307, at *1 (N.D. Ind. Apr. 26, 2017). The non-moving party must "marshal and present the court with the evidence [he] contends will prove [his] case." *Id*. (quoting *Goodman*, 621 F.3d at 654).

The Defendants have produced evidence showing that there is no disputed, material fact: The warrant was valid, and the Plaintiff was not denied any requested medical care; thus, no constitutional violation took place, and the Defendants have met their burden on summary judgment.

However, the Plaintiff has not provided this Court with any additional evidence to aid in determining if there is a material issue of fact. He regularly refers to the Third Amended Complaint and the allegations therein, but he does not support his arguments with any record evidence. Summary judgment is the "put up or shut up" moment in litigation and the non-moving party must provide not only evidence but evidence a reasonable jury could rely upon. *Goodman*, 621 F.3d at 654. The Plaintiff's allegations, unsupported by facts, are not be enough to overcome a motion for summary judgement. *Payne v. Pauley*, 337 F.3d 767, 772–73 (7th Cir. 2003).

**B.     State Law Claims**

The Defendants have asked this Court to dismiss both the federal and state law claims with prejudice. Defs.' Mem. in Supp. of Mot. For Summ. J. at 13. Both parties have recognized the Seventh Circuit's practice of dismissing state law claims without prejudice when all federal claims have been dismissed prior to trial. *Id.* at 13 and Pl.'s Mem. in Opp., ECF No. 74-1, p. 6, (each citing *Groce v. Eli Lilly*, 193 F. 3d 496. 501 (7th Cir. 1999)).

As the parties observed, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce*, 193 F.3d at 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). "Although the decision is discretionary, when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt.*

*Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotations omitted); *see also Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010).

Considering judicial economy, convenience, fairness, and comity, *see Wright*, 29 F.3d at 1251, this Court does not find a basis to retain jurisdiction of the case. *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615 (7th Cir. 2007) (noting that "the court must choose the course that best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine . . . .") (internal citations and quotations omitted). The remaining counts are more appropriately adjudicated in state court. While the Plaintiff has not adequately supported his state claims under the standard for summary judgment, as Indiana claims they should be heard by an Indiana court. The Defendants have not provided an adequate reason for this Court to depart from its standard practice of declining to exercise jurisdiction in these circumstances.

## CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment [ECF No. 66] is GRANTED IN PART and DENIED IN PART. The Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and the Plaintiff's state law claims are REMANDED to Porter County Superior Court.

Entered July 11, 2019.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT